**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHARLES A. SMOTHERMAN, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No. CIV-05-1516-C ) |
| FLYING J INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Compel (Dkt. No. 46) and Supplemental Memorandum (Dkt. No. 64). Plaintiffs have filed a response to each (Dkt. Nos. 54 & 87), and Defendant has filed a reply to the first response (Dkt. No. 57). Accordingly, the matter is now at issue.

All Plaintiffs are former and current employees of Defendant Flying J Inc. In this action, Plaintiffs allege that Defendant subjected them to race-based discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. They also allege negligent supervision and retention in violation of state law. (Pls.' Am. Compl., Dkt. No. 97.) Defendant propounded written discovery to which each Plaintiff objected. After satisfying the requirements of LCvR37.1, Defendant filed the present motion pursuant to Fed. R. Civ. P. 37[1] to compel Plaintiffs' response.

---

[1] Fed. R. Civ. P. 37(a)(2)(B) states, in relevant part:

If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that

The parties' dispute centers around two interrogatory requests and one request for production propounded by Defendant. In its Fed. R. Civ. P. 33 interrogatories, Defendant asked each Plaintiff:

> **INTERROGATORY NO. 8**: If you have been treated by a physician, medical worker, psychologist, psychotherapist, social worker, or counselor as a result of the conduct alleged in your Complaint to be unlawful:
> a.   describe the condition;
> b.   name the physicians or other personnel rendering treatment, as well as all hospitals and clinics where you were treated; and
> c.   give the dates of all such treatment.
>
> **INTERROGATORY NO. 9**: Prior to the alleged conduct set forth in your Complaint, have you ever suffered or experienced any mental illness, emotional disorder, nervous condition or other psychiatric or psychological problem? With respect to each illness or problem, please describe the nature of the injury and/or illness in full, including dates of treatment, names and addresses of hospitals and clinics, as well as treating physicians, counselors, psychologists, social workers and other personnel rendering treatment.

(Def.'s Mot. Ex. A at 7, 8.)[2]

In addition, one of Defendant's Fed. R. Civ. P. 34 requests for production of documents asked each Plaintiff:

> **REQUEST NO. 9**: Please execute the attached medical authorizations for the
> following:
> a.   Each physician, medical personnel, psychologist, social worker, or counselor who has treated you or examined you with respect to the alleged emotional damage claimed in this lawsuit; and

---

inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

[2] These interrogatories appeared as Nos. 8 & 9 to three Plaintiffs and as Nos. 10 & 11 to the other three Plaintiffs.

> b. Each physician, medical personnel, psychologist, social worker, or counselor who has ever treated or examined you for any mental illness, emotional disorder, nervous condition, psychiatric problem, or physical problem, other than the emotional damage claimed in this lawsuit.

(Def.'s Mot. Ex. B at 6.)[3]

Defendant claims that any representations Plaintiffs made to medical personnel regarding their emotional state are relevant to Plaintiffs' claim for emotional distress (see Pls.' Am. Compl. ¶ 36) and that it does not plan on using any medical information that is unrelated to Plaintiffs' claim. (Def.'s Mot. at 2.) Defendant argues that Plaintiffs have put their mental health at issue by claiming Defendant is liable for their emotional distress and that "[t]here is a difference between Plaintiffs' choices not to see a doctor specifically for treatment for an emotional disorder and Plaintiffs' affirmative representations to doctors they consulted for other reasons that they never suffered any emotional distress." (Def.'s Mot., Mem. in Supp., at 9.)

Defendant also has filed a supplemental memorandum (Dkt. No. 64) to provide a specific example as further support for its motion to compel. This memorandum outlines an incident that took place recently, on November 9, 2006. On that day, Talisa Chitwood, a Plaintiff who still works for Defendant, fell ill while at work. Her supervisor advised her to rest and have something to eat, but Ms. Chitwood still felt unwell and eventually had her supervisor summon an ambulance to the store where they were working. On or

---

[3] This request for production appeared as No. 9 to three Plaintiffs and as No. 11 to three Plaintiffs.

about November 14, Ms. Chitwood's supervisor posted the work schedule for the week of Thanksgiving, and Ms. Chitwood was upset that she had to work on Thanksgiving Day without any extra pay. Ms. Chitwood allegedly "then told [her supervisor] that [Defendant] needed to pay for either the ambulance that she had called to the [store] or for the holiday pay because *the stress of her job caused her to have high blood pressure*." (Def.'s Supplemental Mem. at 2.)

According to Defendant, this incident clearly demonstrates its need for the requested information, because Plaintiffs "are likely to testify at trial that their employment and/or separation of employment caused them to have medical problems as well as emotional distress." (Id. at 2-3.) Defendant claims that it is entitled to know whether any Plaintiffs mentioned job-related stress to their doctors and to have access to any impeachment evidence resulting from such information. Ms. Chitwood apparently did not supplement her discovery responses to reflect the consultation with the health care professionals on the day of the incident. Plaintiffs justify this omission by asserting that because her consultation with health care professionals was not on account of Defendant's allegedly unlawful conduct, she was not required to supplement her discovery responses. (Pls.' Resp., Dkt. No. 87, at 2.)

Although Plaintiffs initially refused to provide any of the information in the disputed discovery requests, they have since agreed to identify whether they have consulted any mental health care providers, whether or not due to the alleged conduct of Defendant. (Def.'s Mot. at 1-2.) Defendant offered to narrow the scope of its request;

specifically, Defendant agreed to: (1) limit the scope of its request to documents reflecting intake forms and/or medical histories from five years before each Plaintiff became employed by Defendant through the present; (2) have the Court inspect these documents in camera to determine whether they are relevant to Plaintiffs' claims and damages; and (3) subject the documents to a court protective order. (Def.'s Mot. at 2.) Plaintiffs, however, continue to object to providing the requested information for health care providers other than mental health professionals, and they refuse to execute the requested authorizations.

In lieu of producing the requested discovery information, Plaintiffs assert that they have advised Defendant that:

> (a) they have not suffered from any mental illness or other emotional disorder outside the facts and circumstances surrounding this action; (b) they have not sought treatment from any mental health care provider as a result of the conduct alleged in this action; (c) they have not sought treatment from any mental health care professional for any reason, whether related to this action or not, within five (5) years prior to their employment with Defendant to the present; and (d) they have only sought medical treatment within the past five (5) years for general physical ailments or injuries.

(Pls.' Resp., Dkt. No. 54, at 1.)

The Court agrees with Defendant that the interrogatories are proper, as they address only treatment sought as a result of Defendant's allegedly unlawful conduct (No. 8) and any psychiatric and psychological problems of Plaintiffs (No. 9). Thus, to the extent that Plaintiffs' stipulations do not fully answer these interrogatories, Plaintiffs will be directed to provide the requested information.

In light of Plaintiffs' willingness to produce all mental health records and their agreement not to offer any expert medical testimony regarding their emotional distress claims, however, the Court agrees with Plaintiffs that Defendant's request for medical authorizations is unduly burdensome and an unjustified invasion of privacy; "the burden . . . of the proposed discovery outweighs its likely benefit" and so the Court will prohibit this discovery request pursuant to Fed. R. Civ. P. 26(b)(2)(C).  Cf. Williams v. Bd. of County Comm'rs, 192 F.R.D. 698, 702-04 (D. Kan. 2000) (denying a motion to compel a response to an interrogatory regarding the plaintiff's sexual history because the slight possibility that the requested information could be relevant to the plaintiff's emotional distress claims was outweighed by the potential harm and invasion of privacy to the plaintiff).

In addition to proffering the stipulated information, Plaintiffs have assured the Court that they "are not going to offer any medical information other than their own testimony as to the emotional distress they have suffered due to Defendant's conduct toward them in their employment." (Pls.' Resp., Dkt. No. 54, at 4.)  The Court agrees that this limitation will be required and directs that none of the Plaintiffs may testify to or provide expert evidence of a medical condition resulting from emotional distress, e.g., elevated blood pressure, or of any symptoms resulting from emotional distress which lie beyond the scope of a layperson's knowledge.

The Court finds that Plaintiffs' stipulations, together with the forthcoming responses to the two disputed interrogatories, sufficiently supply Defendant with the information they seek regarding Plaintiffs' emotional distress claims. Although in an attempt to assuage Plaintiffs' privacy concerns, Defendant had offered to subject the documents released through the medical authorizations to an in camera review by the Court, Defendant did not fully explain how documents which were not in Plaintiffs' custody nor produced by Plaintiffs could be held to such a review. In addition, the Court notes the deadline for discovery has passed under the scheduling order entered in this case. Thus, the Court does not need to and will not express an opinion regarding whether an in camera review would be an appropriate modification of Defendant's request for production.

Because Defendant's motion is granted in part and denied in part, the Court may apportion the reasonable expenses incurred in relation to the motion among the parties. Fed. R. Civ. P. 37(a)(4)(C). It is clear from the communication between the parties' counsel that both parties attempted to resolve this dispute without interference from the Court and offered various concessions to that end. (<u>See</u> Def.'s Mot. Ex. C; Pls.' Resp., Dkt. No. 54, at 1.) Defendant provided the Court with a reasonable rationale as well as considerable case authority in support of each of its requests. Thus, the Court will not require either party to pay expenses incurred in relation to this motion.

## **CONCLUSION**

As outlined more fully herein, Defendant's Motion to Compel (Dkt. No. 46) is GRANTED in part and DENIED in part.  To the extent that the stipulated information does not answer Defendant's two interrogatories, Plaintiffs are directed to supply responses within ten days.  Plaintiffs are prohibited from offering any expert testimony at trial regarding their emotional distress claims.  Plaintiffs' request for costs, attorney fees, and sanctions against Defendant (Dkt. No. 54) is DENIED.

IT IS SO ORDERED this 19th day of January, 2007.

*[Signature]*

ROBIN J. CAUTHRON
United States District Judge